# Flannery v. Jenkins Township School Directors

*J. S. Russin, R. L. Coughlin,* for plaintiff.
*Patrick J. Flannery,* for defendants.

FARRELL, J., for court en banc, June 16, 1947.—This is a mandamus proceeding brought by Alice Flannery, plaintiff, a former high school teacher, in the public schools of Jenkins Township, a district of the third class, against the seven directors of said district.

Plaintiff, who with six other high school teachers and two elementary school teachers, was suspended by

resolution of the board on August 27, 1943, asks in this proceeding that her suspension be declared illegal and invalid; that she be restored to her position as teacher in said district; and that the district be compelled to pay her entire salary from August 27, 1943, to the present time, less certain small reductions admitted in stipulation 8.

The case is presented to the court in the form of plaintiff's petition, defendants' answer, plaintiff's reply, and an agreed stipulation of facts by counsel bearing date of April 17, 1947, and filed in the prothonotary's office April 24, 1947; also upon oral argument at the last term of argument court and written briefs submitted.

Plaintiff was first employed as a teacher in the Jenkins Township School District in 1929 and annually thereafter until 1936. Thereafter in 1937 she was reemployed by the said school district under a written contract which was renewed annually and finally on September 6, 1939, under which she performed professional services as a teacher for the said district. The last contract on said last named date was in statutory form and provided for an annual compensation of $1,600. It is set forth in full in paragraph 2 of the stipulation of facts. Under this contract plaintiff entered upon and performed her duties as a teacher in said district until August 27, 1943, at which time, by action of defendant school board, she, along with six other teachers of the high school department, was suspended from further service (stipulation 2) by the following resolution duly adopted by the board with one dissenting vote (stipulation 3):

"Whereas there has occured in the secondary or four year high school established and maintained by School District of the Township of Jenkins, Luzerne County, Pa., a substantial decrease in the enrollment of pupils therein for the 1943-1944 school year requiring and ne-

cessitating the suspension of seven (7) teachers and professional employes appointed by the board of school directors of said school district to teach various courses of study therein to each of them respectively assigned;

"And whereas there has occurred in the elementary schools established and maintained by said school district a substantial decrease in the enrollment of pupils therein for the 1943-44 school year requiring and making necessary the suspension of two (2) teachers and professional employes appointed by said board of school directors to teach in certain grades to each of them respectively assigned, and the dispensing with the services of a substitute teacher in teaching the pupils in the fifth and sixth grades in the elementary school at Boston Village in said school district;

"And whereas, as determined by the Superintendent of Schools of Luzerne County and shown by the records in his office at Wilkes-Barre, Pa., no differences exist in the ratings of the teachers and professional employes appointed as aforesaid to said teaching assignments in said high school; and no differences exist in the ratings of teachers and professional employes appointed to said teaching assignments in said elementary schools in said school district; in which cases professional employes are to be retained on the basis of their respective seniority rights;

"Now on motion of Vaxmonsky, seconded by Conlon, the following named teachers of said school district are suspended, to wit:

"HIGH SCHOOL TEACHERS

"Mrs. Pauline Spadi, Mrs. Marita Burke, Charles Ross, and the Misses Agnes Fahey, Maria McCarthy, Alice Flannery, and Marie Cummings.

"ELEMENTARY SCHOOL TEACHERS

"Misses Regina Ford and Margaret Kelley, and the services of a substitute teacher are dispensed with in teaching the pupils in the fifth and sixth grades in the

elementary school at Boston Village in said school district, and the secretary of the school board is hereby directed to notify said teachers and professional employes in writing of said suspensions, and also notify substitute teachers of said school district that their services have been dispensed with as to teaching pupils in the fifth and sixth grades in the elementary school at Boston Village in said school district. Rollcall: Voxmonsky, yes; Hornick, yes; Brooks, no; Conlon, yes; Waxmonsky, yes."

Plaintiff was the senior in point of service of those suspended in the high school (final paragraph of stipulation 3). Plaintiff was employed to teach the subjects assigned to her within her certification and during her term of service taught commercial geography and commercial or business law (stipulation 4). After plaintiff's suspension on August 27, 1943, commercial geography has not been taught during the term 1943-44 or thereafter but no action was taken by defendant board for the elimination of said subject (stipulation 5). The record of student attendance or pupil enrollment in the high school of said district was as follows during the successive terms of relevant interest in the consideration of this case:

| Term | Student Enrollment |
|---|---|
| 1940-41 | 383 |
| 1941-42 | 343 |
| 1942-43 | 296 |
| 1943-44 | 277 |
| 1944-45 | 252 |
| 1945-46 | 248 |

Thus it appears that between the term 1940-41, when the attendance in the high school was 383, and the term 1943-44, when there was an attendance of 277, there was a falling off in enrollment of 106 at the time plaintiff was suspended; and up to and including the

term 1945-46 there was a falling off of 135 (stipulation 5).

Charles Ross, one of the seven high school teachers suspended by the resolution of August 27, 1943, who was junior to plaintiff in service and who had taught guidance during the term 1942-43, was recalled and reinstated by the board to teach guidance during the term commencing September 1944, and has since been employed in that capacity by defendant district. Ross was certificated to teach guidance on July 9, 1942; plaintiff was certificated to teach guidance on February 2, 1943; but "at the time of reinstatement of Charles Ross, Alice Flannery was senior in point of continuous teaching service in the district but had never taught guidance" (stipulation 6). The certificate of plaintiff certifies that she is qualified to teach the following subjects:

"English, social studies, bookkeeping, shorthand, typewriting, banking, and finance, commercial law, business English, mathematics, business writing, office management, business practice, office practice, general science—December 10, 1930. The subjects prescribed for the curriculum of the elementary school (added November 21, 1932). Commercial geography (added August 30, 1939). Economics (added July 16, 1941). Salesmanship (added August 29, 1941). Guidance (added February 2, 1943)." (Stipulation 7.)

Plaintiff contends that her suspension by the resolution of August 27, 1943, was illegal because, though ostensibly based upon the fall in enrollment, the real cause was the illegal elimination from the curriculum of commercial geography during the term 1943-44 and thereafter. She further contends that the reinstatement of Ross, her junior, instead of her, to teach guidance during the term beginning September 1944 was a violation of her seniority rights by the board.

As to her first contention, we are of the opinion from a close examination of the stipulation of facts

and a close analysis of the situation that it is not tenable. Stipulation 5 shows an undoubted drop in enrollment on which the resolution of August 27, 1943, suspending plaintiff and others, was based. Moreover, the same stipulation shows that the report of the district entitled "Secondary School Classification Report" to the Department of Education on December 1, 1943, showed the omission of the subject of commercial geography from the curriculum and this report was approved by the county superintendent and the Department of Education at Harrisburg. There was no necessary or inferential causal connection between plaintiff's suspension and the dropping of one of her subjects from the curriculum; and nothing from which we can reasonably infer that the subject was illegally dropped or that plaintiff and the others were suspended for any other reason than that stated in the resolution, namely, the falling in enrollment of pupils.

But the second contention of plaintiff, that the reinstatement of Ross, her junior, in preference to her, who had seniority rights, in our judgment must be sustained. It is of no relevance or significance that Ross' certificate to teach guidance was dated before this subject was added to plaintiff's certificate. Plaintiff's right to be first reinstated from among those suspended depended on her seniority in point of service; the board had no discretion in the matter. Not only do the stipulations plainly admit plaintiff's seniority but section 1205 of the School Code of May 18, 1911, P. L. 309, as amended, 24 PS §1126, specifically states that "such professional employes shall be reinstated in the inverse order of their suspension". As held by Judge Fine of this court in Young et al. v. Hanover Township School District et al., 38 Luzerne 35, 37:

"Seniority rights are determined by the length of continuous service and that professional employe who has served longest continuously has seniority—where

no differences in rating are found—when the exigency arises for the suspension of a professional employe."

We agree with the argument of plaintiff's counsel in their brief "that the seniority is seniority of contract and not a group of seniorities by what appears on the certificate of a teacher. If seniority is to be gauged by the certification of a teacher to teach a particular subject then there are as many seniorities as there are certifications. Thus, the seniority would not relate to the contract or the service of the teacher but to something entirely foreign" to the plain language of the statute.

Defendants argue that as "the fundamental policy expressed in the Constitution and underlying school laws is to obtain a better education for the children of the Commonwealth" (Teachers' Tenure Act Cases, 329 Pa. 213, 231; Walker's Appeal, 332 Pa. 488; Jones v. Holes et al., 334 Pa. 540) the action of the school board in reinstating Ross, an experienced teacher, to teach guidance was justified, because "based on this cardinal purpose. Charles Ross had prior certification (in the subject of guidance). He had experience, training and knowledge acquired from teaching this subject for a full year. He was the more capably and competently qualified to provide the best educational facilities in this subject to the children of the school district."

This argument, in our judgment, is not sound and it gave the board no discretion to ignore plaintiff's seniority rights which are protected by the School Code and made it the imperative duty of the board to reinstate plaintiff first from the seven suspended high school teachers to teach any subject she was certificated to teach, among them being guidance. The board was not vested with any discretion to discriminate in favor of Ross, a junior, and against plaintiff, the senior, out of any alleged regard for the "cardinal purpose" of the Constitution and school laws. Ross' recall to

teach guidance was no more designed to promote this "cardinal purpose" than plaintiff's recall would have been to teach guidance or any of the other subjects which she was qualified to teach, for example, commercial geography or business law. If the discretion of school boards, exercised on the basis of such plausible argument, would enable them to override the seniority rights of teachers, it would not be long before seniority rights (designed by the Tenure Act to be so carefully safeguarded) would become a dead letter and they would be frittered away entirely by the subtle and specious actions of boards under the guise of promoting the "cardinal purpose" of furnishing the best education.

We cannot agree with the contention of defendants that plaintiff has been guilty of laches. While the board's action in suspending her was legal, her petition asserts that she held herself in readiness to teach during the term she was suspended and renewed the assertion of her right to reinstatement at the beginning of the term in September 1944 when Ross was reinstated. Moreover, she commenced her mandamus action on April 17, 1945, seven months after Ross' reinstatement, when she had vainly tried to have the board reinstate her. This cannot justly be said to constitute laches on her part.

Since we are of the opinion that plaintiff's suspension for the term 1943-44 was legal and valid, she would not be entitled to any salary for that term. But her right to recover her salary for the terms 1944-45, $1,800; 1945-46, $1,900; 1946-47, $2,000 (stipulation 8) is clear, total $5,700, less the corresponding credits for said years appearing in stipulation 8, namely, $14, $187.90 and $117, total $318.80; net amount due plaintiff, $5,381.10. Accordingly:

Judgment is entered for plaintiff against defendants, directing them to reinstate her in her position as high

school teacher in said School District of the Township of Jenkins, and pecuniary judgment is entered in favor of plaintiff and against defendants in the sum of $5,381.10.